# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARIA DE LA ROSA | § | |
| | § | |
| V. | § | A-17-CV-833-LY |
| | § | |
| SECRETARY OF HEALTH AND | § | |
| HUMAN SERVICES | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss, or in the Alternative Motion for Summary Judgement (Dkt. No. 16) and Plaintiff's Response (Dkt. No. 25). The District Court referred the motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

On December 6, 2011, Plaintiff Maria De La Rosa ("De La Rosa"), a Medicare beneficiary and resident of Houston, underwent a hernia repair surgery at University General Hospital in Houston, Texas. Dr. Paul Kobza, M.D. and Dr. Ronald Buczek. M.D. performed the surgery. A week after the surgery, De La Rosa experienced severe abdominal pain and went to Oak Bend Medical Center Emergency Room in Houston where she was diagnosed with a suspected small bowel/small intestines perforation and admitted for bowel repair surgery, once again performed by Dr. Kobza and Dr. Buczek. This surgery also did not go well. About a week later, on December 19, 2011, she went to the emergency room again where she was admitted for surgery, but this time it was performed by Dr. Charles Aramburo, M.D. A few days later, on December 23, 2011, De La Rosa

returned to the hospital and had to have another surgery to repair a perforation in her small intestines. Over the next three months, De La Rosa was in and out of hospitals and rehabilitative facilities recovering from her surgeries and multiple complications that followed.

On April 18, 2013, De La Rosa filed a medical malpractice suit in Texas state court against Dr. Kobza and Dr. Buczek. On January 28, 2015, De La Rosa settled her malpractice claims against Dr. Kobza (but not Dr. Buczek) for $170,000, subject to verification of the interest Medicare was claiming in the settlement. On February 5, 2015, De La Rosa's attorney received notice from Medicare that the amount of its lien was $96,541.89. De La Rosa contends that based upon this representation, she signed the final settlement with Dr. Kobza for $170,000.

On March 3, 2015, however, Medicare adjusted the amount owed by Plaintiff to $142,235.22. On March 13, 2015, De La Rosa sent notice to Medicare objecting to their claimed lien amount of $142,235.22. In response, on April 14, 2015, Medicare recalculated the lien, first to a figure in the $70,000 range, and then to $44,565.39. De La Rosa then challenged the recalculated lien through the administrative appeals process for Medicare overpayment determinations. On May 11, 2016, the Administrative Law Judge denied De La Rosa's appeal determining that De La Rosa was not entitled to a waiver of the charges included in the Medicare Secondary Payer Recovery Contractor's lien. De La Rosa appealed the ALJ's decision and on April 25, 2017, the Medicare Appeals Council affirmed the ALJ finding that "the contested charges shall remain part of the recovery claim and that the appellant is not entitled to further waiver." Dkt. No. 16-1 at 11.

Although De La Rosa is a resident of Houston, she filed the instant lawsuit in the Austin Division of the Western District of Texas against the Secretary of Health and Human Services pursuant to 42 U.S.C. § 1395ff(b) and 405(g) of the Social Security Act challenging the Secretary's

2

determination under Medicare Secondary Payer provision.[1] In addition to seeking a reversal of the Secretary's ruling, De La Rosa also alleges negligent misrepresentation, fraud, promissory estoppel, wrongful garnishment and breach of contract. The Secretary submits this motion to dismiss under Rules 12(b)(1), 12(b)(3) and 12(b)(6), and in the alternative Motion for Summary Judgment under Rule 56.

## II. ANALYSIS

The Secretary argues that De La Rosa's lawsuit should be dismissed because (1) De La Rosa's claims are barred by sovereign immunity and thus should be dismissed under Rule 12(b)(1); (2) it was filed in the wrong venue and thus should be dismissed under Rule 12(b)(3); (3) all of her claims fail under Rule 12(b)(6); (4) any viable claims involving breach of contract are controlled by the mandates of the Tucker Act and must be dismissed; and (5) De La Rosa failed to exhaust all of her administrative remedies. Because the Court finds that this case was filed in the wrong venue, the Court need not address the remaining arguments, and instead recommends that this case should be transferred to the Houston Division of the Southern District of Texas.

As De La Rosa acknowledges in her First Amended Complaint, 42 U.S.C. § 1395ff(b)(1)(A) provides the jurisdictional basis for judicial review of a final decision of the Secretary on a Medicare Part B claim. The statute provides that "any individual dissatisfied with any initial determination under subsection (a)(1) of this section shall be entitled to reconsideration of the determination, and, subject to subparagraphs (D) and (E), a hearing thereon by the Secretary to the same extent as is provided in section 405(b) of this title and, subject to paragraph (2), to judicial review of the

---

[1] De La Rosa's original Complaint had also named the Secretary of Treasury and Continental Services Group, Inc., as defendants in this case but these defendants have since been dismissed. See Dkt. Nos. 11 & 14.

Secretary's final decision after such hearing as is provided in section 405(g) of this title." 42 U.S.C. § 1395ff(b)(1)(A). Thus, "Congress explicitly provided that section 405(g) is the exclusive authority for seeking review of a decision of the Secretary in section 405(h) of Title 42 of the United States Code, made applicable to Medicare Part B claims by section 1395ii of the same title." *Art of Healing Med., P.C. v. Burwell*, 91 F. Supp. 3d 400, 415 (E.D.N.Y. 2015).

Section 405(g) in turn specifically provides that "[s]uch action shall be brought in the district court of the United States for *the judicial district in which the plaintiff resides*, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g) (emphasis added). *See also, Nevarez v. Colvin*, 2015 WL 4459881 at * 1 (S.D. Tex. July 20, 2015) (noting that under § 405(g) venue is proper in the judicial district in which the plaintiff resides). As noted, De La Rosa resides in Houston, Texas. Accordingly, the proper venue in this case is in the Southern District of Texas, not this district.

De La Rosa does not dispute that § 405(g) requires judicial actions to be filed in the judicial district "in which the plaintiff resides." However, De La Rosa simply ignores the applicable venue statute in this case and instead refers the Court to the *general* venue provision contained in 28 U.S.C. § 1391(e)(1)(A) which provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." De La Rosa relies on this general venue provision to argue that venue is proper in Austin because the Texas HHS office of the Ombudsman is located in Austin. Regardless of whether the Texas HHS office is located in Austin, the general venue statute only applies "[i]n the absence of a specific venue provision." *City of El Cenzo v. Texas*, 2017 WL 6402990 at *1 (W.D. Tex. Aug. 15, 2017) (noting

4

that the general venue statute, 28 U.S.C. § 1391(e)(1)(A), only applies in the absence of a specific venue provision). Section 1391(e) expressly applies "except as otherwise provided by law." 28 U.S.C. § 1391(a). "Thus, the statute does not control if there is a specific provision stating where a particular kind of challenge to a particular officer or agency is to be brought." 14D FED. PRAC. & PROC. JURIS. § 3815 (4th ed.). Because there is a specific venue statute which applies in this case—Section 405(g)—De La Rosa's reliance on 28 U.S.C. § 1391(e)(1)(A) is misplaced. Section 405(g) specifically provides that this type of case must be filed in the judicial district in which plaintiff resides, which in this instance is the Southern District of Texas. Accordingly, venue in this district is improper.

If venue is improper, 28 U.S.C. § 1406(a) instructs district courts to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.§ 1406(a). "The district court has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). The undersigned finds that it would be in the interest of justice to transfer this case to the Southern District of Texas instead of dismissing this case at this juncture. *See Nevarez*, 2015 WL 4459881 at * 1 (transferring § 405(a) case where plaintiff filed it in wrong district). Accordingly, the undersigned recommends that the District Court transfer this case to the Southern District of Texas pursuant to 28 U.S.C. § 1406(a). In light of the fact that the Court is recommending transfer, it will not make any further recommendations on the other issues raised in the motion to dismiss and motion for summary judgment, and will leave those matters to the transferee court.

## III. RECOMMENDATION

In light of the foregoing, the undersigned **RECOMMENDS** that the District Court **TRANSFER** this case to the Southern District of Texas pursuant to 28 U.S.C.§ 1406(a).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of June, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE